IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>Robert Francis Krebs,<br><br>　　　　　　　Defendant. | CR18-00263-TUC-JGZ(JR)<br><br>**ORDER FOR COMPETENCY EXAMINATION**<br><br>(Pursuant to: 18 U.S.C. § 4241(a))<br><br>(Defendant in Custody) |

Defendant has been evaluated by local professionals, Marisa Menchola, Ph.D., as well as Bradley Johnson, M.D. In her report dated July 12, 2018, Dr. Menchola concluded that the Defendant was not competent to stand trial due to a major neurocognitive disorder (dementia). She further opined that the Defendant was not restorable to competence. In Dr. Johnson's report dated September 3, 2018, he concluded that the Defendant was competent to stand trial and that the Defendant's presentation was more likely consistent with malingering.

On September 13, 2018, a hearing was held with the Defendant and counsel for both parties present. The Court explained that there were deficiencies in both reports. While Dr. Menchola was able to obtain limited cooperation from the Defendant, she did not have the benefit of reviewing as many collateral sources as Dr. Johnson did. Dr. Johnson on the other hand, was able to review collateral sources but was not able to obtain any responses whatsoever from the Defendant. The parties agreed that further

evaluation was needed in a medical facility where the Defendant could be evaluated over a period of time.

Pursuant to 18 U.S.C. §4241 (a), the Court finds reasonable cause to believe that the Defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Accordingly,

**IT IS ORDERED:**

1. The Defendant be hospitalized in a suitable facility for a reasonable period of time, **NOT TO EXCEED FOUR (4) MONTHS,** and evaluated by a licensed or certified psychiatrist or psychologist to determine whether the Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. The four months shall commence on the date the Defendant arrives at the facility;

2. **The United States Marshal shall:**

   a. Promptly coordinate with the Bureau of Prisons to effectuate this Order and arrange transportation of the defendant to the designated facility, and transmit within 14 days, the U.S. Marshal's Medical Study Timeline to U.S. Magistrate Judge Jacqueline M. Rateau and counsel for the government and the defendant.

   b. If the Defendant is determined to be competent, promptly transport the Defendant back to the District of Arizona without further Order of this Court, and notify the Court and counsel for both parties when the defendant is back in the District.

3. **The Attorney General or his agent shall:**

   a. **Halfway through the evaluation process, or after eight weeks,** prepare and submit a Status Report to the Court detailing the progress that has been made.

- 2 -

   b. **At the end of the evaluation process, or after 16 weeks,** prepare and submit a written report pursuant to 18 U.S.C. § 4247(b) and (c).  This report shall include the name and dosage of all medications the Defendant is currently taking.  Such medication shall be provided to the U.S. Marshals to assure continuity of medication during the transport process.

   c. Submit the report by both U.S. Mail <u>and</u> email (or fax) to:

    ・ ORIGINAL Report via U.S. Mail to
    U.S. District Court
    Chambers of U.S. Magistrate Judge Rateau
    405 W. Congress Street, Suite 6650
    Tucson, Arizona 85701;

    ・ COPY of Report
    via email rateau_chambers@usdoj.gov
    or facsimile 520-205-4649.

   d. Provide a copy of the written report to the medical staff at the originating facility to assure continuity of medication.

   e. If, at the conclusion of the four month commitment, the psychologist's or psychiatrist's opinion is that the Defendant remains incompetent, the Defendant shall remain at the medical facility pending further order of the Court.

   f. If, at any time during the commitment, the psychologist's or psychiatrist's opinion is that the defendant is not restorable, the Defendant shall remain at the medical facility pending further order of the Court, and the Attorney General or his agent shall promptly determine whether a dangerousness evaluation pursuant to 18 U.S.C. §§ 4246 and 4248 is needed, and if so, begin the evaluation.

 4. All proceedings relating to this Defendant will remain stayed pending further order of the Court.

 5. **This matter is set for a status conference on January 23, 2019, at 10:00 a.m. before this Court.**

 6. **The parties shall:**

   a. Upon notification of the name and contact information for the examining psychologist or psychiatrist, promptly provide that person with all relevant

documents, including case reports disclosed to the defense, the Defendant's criminal history, and other known mental health examinations or medical records in their possession. The parties are authorized to disclose any federal presentence investigation report(s) (PSRs) for the defendant. Any disclosed PSR shall be used solely for the purpose of this examination.

      b.    By **January 16, 2019,** inform U.S. Magistrate Judge Rateau via email or telephone, if they have not yet received the doctor's report.

    7.    The Clerk of the Court is ordered to provide this order to the U.S. Marshal Service forthwith.

Dated this 13th day of September, 2018.

_____
Honorable Jacqueline M. Rateau
United States Magistrate Judge