JON M. SANDS
Federal Public Defender
**J. LEONARDO COSTALES**
Assistant Federal Public Defender
Louisiana State Bar# 35721
407 W. Congress, Suite 501
Tucson, AZ 85701-1355
Telephone: (520)879-7500
*Attorney for Defendant*
*Leo_Costales@fd.org*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States Of America, | CR18-0263-TUC-JGZ (JR) |
| Plaintiff, | |
| v. | **BRIEFING REGARDING COMPETENCY** |
| Robert Francis Krebs, | |
| Defendant. | |

Robert Francis Krebs, through undersigned counsel respectfully submits the following briefing regarding his competency to stand trial.

**RESPECTFULLY SUBMITTED:** June 7, 2019.

JON M. SANDS
Federal Public Defender

*/s/ J. Leonardo Costales*
**J. LEONARDO COSTALES**
Assistant Federal Public Defender

1

**<u>BRIEF</u>**

2

Robert Francis Krebs is an 81-year-old man who has self-reported as suffering

3

from symptoms of Alzheimer's disease. The government's Exhibits 7 and 8, which have

4

Mr. Krebs recounting his Alzheimer's diagnosis, corroborate this. Notably, this self-

5

reporting occurred before the government ever filed a complaint or indictment against

6

Mr. Krebs.

7

8

Alzheimer's disease is degenerative. *Transcript (Tr.)* at 73-76. No imaging tool

9

can diagnose Alzheimer's disease. *Tr.* at 60. Apart from post-mortem examinations, a

10

practitioner must rely on an individual patient's self-reported symptoms in order to draw

11

a diagnostic conclusion. *See Tr.* at 61.  Family history is also relevant. *Tr.* at 32. An

12

Alzheimer's patient could potentially lack orientation to time and place. *Tr.* at 65.

13

Unfortunately, there is no cure for Alzheimer's. *Tr.* at 73-76.

14

15

16

Mr. Krebs is an inmate and criminal defendant as well as a patient. His diagnostic

17

criteria and credibility are different than that of an average individual. For example,

18

whereas a non-Bureau of Prisons doctor might look for a motivation before considering a

19

malingering diagnosis, Dr. Cochrane readily supplied avoidance of criminal prosecution

20

as a motivation despite little evidence to support this theory. *Tr.* at 123. He assumed that

21

Mr. Krebs, an 81-year-old man under a lengthy term of probation out of Florida, would

22

seek to avoid prosecution by feigning feeble-mindedness. This is despite the fact that

23

success in this context would have a strong likelihood of leading to either civil

24

commitment or state incarceration for the duration of Mr. Krebs' life. *Tr.* at 122-24. Dr.

25

26

27

28

Cochrane did, however, rule out factitiousness as a differential diagnosis. *Tr.* at 111.

If Mr. Krebs is believed at his word, he is not oriented to time or place and is suffering from a condition to which he has a family history. The condition in question does not necessarily have a constant presentation of symptoms, with variation in presentation of symptoms not uncommon. *Tr.* at 74. It is also a condition that could lead to a "step-down" decline and worsening of symptoms. *Tr.* at 93-94. Dr. Cochrane chose not to believe at Mr. Krebs at his word, and instead relied heavily on collateral information about Mr. Krebs' criminal history. *Tr.* at 96-97. From this, he concluded that Mr. Krebs had Anti-Social Personality Disorder and was, in short, a liar. Dr. Cochrane did not appear to seriously entertain that Mr. Krebs might be suffering from early stage Alzheimer's despite Mr. Krebs reporting worsening memory deficits and a family history of the disorder. *Tr.* at 32. However, Dr. Cochrane did admit at the hearing that he could not definitely rule out Alzheimer's. *Tr.* at 94.

Alzheimer's is not the only medical issue Mr. Krebs suffers from. An MRI revealed ischemic changes in his brain, consistent with micro-traumas. *Tr.* at 59-60. He has a history of pulmonary embolisms and congestive heart failure, which could lead to neuro-cognitive decline. *Tr.* 63-64. He is also 81 years old, which itself could lead to dementia.

In short, Mr. Krebs reports symptoms that, if accepted, lead to serious doubts about his competency to stand trial. Indeed, an Alzheimer's diagnosis leads any patient to having their quality of life thenceforth intrinsically tied with the progression of the disease.

/ / /

3

On September 14, 2018, this court found reasonable cause to believe that Mr. Krebs may currently be suffering from a disease or defect rendering him incompetent to stand trial. The standard now requires the Court to find Mr. Krebs either competent or restorable within a certain set period of time (not to exceed 120 additional days). Making this finding, despite the inability of the treating practitioner to rule out a diagnosis of Alzheimer's would lead to a serious risk that a person suffering from progressive dementia may be tried and convicted. Alzheimer's does not get better, it gets worse. And if Mr. Krebs suffered from a mental disease or defect stemming from Alzheimer's or another form of dementia on September 14, 2018, he likely still suffers from the disease or defect, possibly with worsened symptoms.

Given these facts, there is insufficient evidence to show that Mr. Krebs is competent to stand trial. Given the information suggesting he may suffer from Alzheimer's disorder, there is reason to believe, based on the known progression of that disorder, which he may never get better and will likely get worse. For the above reasons, the defense respectfully urges the Court to find that Mr. Krebs currently remains not competent to stand trial.