MICHAEL BAILEY
United States Attorney
District of Arizona
RAQUEL ARELLANO
Assistant U.S. Attorney
Arizona State Bar No. 011796
Evo DeConcini United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone:  520-620-7300
Email: raquel.arellano@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>Robert Francis Krebs,<br><br>Defendant | CR 18-0263-TUC-JGZ (JR)<br><br>GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTION TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DOC. 70 |

The United States of America, by and through its undersigned attorneys, hereby submits the following response to the defendant's Objection to Magistrate Judge's Report and Recommendation, Doc. 70.  The defendant asserts that the government has not met its burden of showing, by a preponderance of the evidence, that the defendant is competent to stand trial.  The defendant objects to the Magistrate Judge's fact-finding that the defendant is competent.  Specifically, the defendant asserts that issues were raised regarding his potential medical conditions that are severe enough to raise doubt that he has the capacity to assist his own defense.  The defendant asserts that his post-arrest statement to FBI agents over a year and a half ago has little probative value as to his current state of mind, claiming there is a possibility he is currently suffering from a degenerative mental illness.  The defendant also objects to the Magistrate Judge's fact-finding regarding the defendant's in-court testimony claiming that the defendant's statement was long and at times disjointed and confusing.  Finally, the defense objects to the court's finding that the defendant was

malingering, claiming the absence of a necessary factor of motivation to malinger.

The government asserts that it met its burden of proving, by a preponderance of the evidence, that the defendant is competent. In reaching its conclusion of competency, the Magistrate Judge properly considered evidence presented at three hearings held on May 7, 2019, May 24, 2019, and June 10, 2019. The court properly considered the reports by three doctors who evaluated the defendant and the testimony of Dr. Cochrane, who evaluated the defendant at the Butner Medical Facility. The court heard the 45-minute post-arrest videotaped statement of the defendant. The court also considered the defendant's behavior in and out of court, noting that it "may rely on a number of factors, including medical opinion and the court's observation of the defendant." *United States v. Boigegrain,* 155 F.3d 1181, 1189 (10th Cir.1998).

Although made about a year and a half prior to the competency hearings, the defendant's statement made after arrest is highly probative of his recollection and memory of the meticulous planning leading up to the robbery and the events that occurred during and after the alleged crime. In addition, in his post-arrest statement, the defendant detailed specific recollection of events that occurred after his release from Arizona prison in June, 2017, regarding his bus transport to Florida and injuries suffered during his fall upon arrival in Florida. It is significant that he reiterated with precise recall those same events during his testimony on June 10, 2019. The court properly considered the fact that the defendant was able to provide the exact date when he hit his head on concrete and also recalled an attack in 1995 at the Florida Department of Corrections when he was hit with a padlock in a sock as he exited the showers, yet, he claimed to have no memory of his interviews with Drs. Johnson and Menchola. (Doc. 70, pg. 17). The defendant claimed to have remembered events at Butner because he had taken notes. The court also noted that the defendant claimed to have no memory of any of the details of his arrest but because he took copious notes, he did remember extensively what occurred at Butner. (Doc. 70, pg. 20.) All of this is relevant on the issue of whether the defendant is competent, is malingering and not suffering from Alzheimer's or dementia.

The defendant objects to the court's finding that the defendant was malingering,

claiming an absence of a necessary factor of motivation to malinger. There is no necessity of a motivation to malinger. The court considered the defense's argument that although the defendant stated his reason for committing the robbery was so that he could return to prison, there was, thus, no reason for him to exaggerate his symptoms. The court reasoned that the defendant might very well have believed that feigning mental illness would have allowed him to be housed in conditions that were preferable to prison. (Doc, 70, pg. 25.) The court noted that it might very well be that the defendant's experience at Butner dissuaded him of that belief as evidenced by his stated desire at the hearing to withdraw his guilty plea, plead guilty, and presumably serve a lengthy prison system. *Id.* The court reasoned that the defendant's malingering could be explained by Dr. Cochrane's diagnosis of antisocial personality disorder of which such disorder is characterized by deceit and manipulation. The court concluded that while the defendant's motivations cannot be conclusively determined, the court nevertheless found that the weight of the evidence before the court is consistent with malingering. *Id.*

On the record presented to the Magistrate Judge, including its observations of the defendant in court, the government submits that it met its burden of showing, by a preponderance of the evidence, that the defendant is competent to stand trial. The government respectfully requests that the District Court adopt the Magistrate Judge's recommendation and, after conducting a de novo review of the record, find the defendant competent to stand trial.

Respectfully submitted this 5th day of July, 2019.

MICHAEL BAILEY
United States Attorney
District of Arizona

*s/Raquel Arellano*

RAQUEL ARELLANO
Assistant U.S. Attorney

Copy of the foregoing served electronically or by
other means this 5th day of July, 2019, to:

Jorge Leonardo Costales, Esq.
Gregory Jon Berger, Esq.