IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-18-00263-001-TUC-JGZ (JR) |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Robert Francis Krebs, | |
| Defendant. | |

Pending before the Court is Magistrate Judge Jacqueline M. Rateau's Report and Recommendation (R&R) recommending that the District Court find that Mr. Krebs is competent to stand trial. (Doc. 70.) Mr. Krebs has filed an objection. (Doc. 71.) After independent review of the parties' briefing, as well as the reports, hearing testimony, and exhibits, the Court will overrule Defendant's objection and adopt Judge Rateau's R&R.

**STANDARD OF REVIEW**

When reviewing a Magistrate Judge's Report and Recommendation, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis omitted). District courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn,* 474 U.S. 140, 149 (1985). *See also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Reyna-Tapia,* 328 F.3d at 1121;

*Schmidt v. Johnstone,* 263 F.Supp. 2d 1219, 1226 (D. Ariz. 2003).

## DISCUSSION

Defendant filed a Motion to Determine Competency following his indictment for one count of Armed Bank Robbery in violation of 18 U.S.C. § 2113(a) and (d). A defendant may be deemed competent to stand trial if "he has sufficient present ability to consult with his lawyer with a reasonable degree of understanding," and "has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960) (per curiam); *Chavez v. United States*, 656 F.2d 512, 518 (9th Cir. 1981). "Whether a defendant is capable of understanding the proceedings and assisting counsel is dependant upon evidence of the defendant's irrational behavior, his demeanor in court, and any prior medical opinions on his competence." *United States v. Gastelum-Almeida*, 298 F.3d 1167, 1171 (9th Cir. 2002) (quoting *Miller v. Stainer*, 108 F.3d 1109, 1112 (9th Cir. 1997)). The government has the burden of demonstrating by a preponderance of the evidence that a defendant is competent. *United States v. Hoskie*, 950 F.2d 1388, 1392 (9th Cir. 1991).

The Court agrees that the Government has demonstrated by a preponderance of the evidence that the Defendant is competent and can understand the nature and consequences of the proceedings, and that he is also capable of assisting counsel. The substantial evidence supporting this conclusion is set forth in Judge Rateau's thorough and carefully considered report. In brief, Defendant's conversations with the FBI shortly after arrest and with three doctors over the months that followed demonstrate that he has an understanding of the charge against him, that the charge is a felony, what his legal options for responding to the charge are, and the potential consequences of the proceedings. Defendant likewise possesses a sufficient present ability to consult with his lawyer and participate in his defense, as set forth in Dr. Cochrane's and Dr. Johnson's findings, and as corroborated by his courtroom testimony provided during his competency hearing.

Upon independent review of the record, the Court will overrule Defendant's objections—arguments which were previously considered and rejected by the Magistrate

Judge. Defendant's statements to the FBI, his hearing testimony, Dr. Cochrane's opinion, and the medical testing done at the Federal Medical Center in Butner, North Carolina, all undermine Defendant's first argument that his "potential" medical conditions are severe enough to raise sufficient doubt as to whether he is currently suffering from a degenerative mental illness. As found by Dr. Cochrane—who had the opportunity to observe Defendant over the course of several months—Defendant exhibited a much higher level of functioning than a person with dementia or severe cognitive impairment would ordinarily present. Defendant likewise demonstrated strong recall and cognitive ability during his interviews, and Defendant's MRI brain imaging and other lab work did not show any clear evidence of organic impairment. Although Dr. Cochrane acknowledged certain deficits presented by Defendant, he nonetheless concluded that those deficits are not incapacitating, to the extent they are genuine.

Moreover, Defendant's trial testimony and FBI interview strongly refute his contention that the Government has presented insufficient evidence to meet its burden. Defendant wrote a narrative that he read into the record at the June 10 hearing. The narrative was cogent and relevant. In it, Defendant criticized his evaluation at Butner, challenged the methodology used in the evaluation, refuted Dr. Cochrane's conclusions with explanatory facts, and detailed Defendant's difficulties in consulting with his attorney in confidence in the courtroom due to hearing difficulties. Defendant's descriptions and vocabulary were sophisticated. For example, Defendant denied "prevaricating" and referred to the "plethora of press coverage." He noted that he was college educated. (*See* Doc. 69, pg. 13 ("There was one scheduled written test for Mr. Krebs in the six months he was a resident at Butner mental hospital, it was a word definition multiple choice, quite simple for Mr. Krebs, who has a college education.").) He recounted specific details of certain events in his life—some in the past, and some that had occurred more recently.

Defense counsel emphasizes that Defendant's interview with the FBI over a year and a half ago "has little probative value as to his current state of mind given that there is a possibility he is currently suffering from a degenerative mental illness." But Defendant's

FBI interview was not considered in isolation. Dr. Cochrane also considered Defendant's personal history, including psychological evaluations previously conducted by Drs. Menchola and Johnson, Defendant's criminal record, and Defendant's own recitation of his history. Importantly, Dr. Cochrane evaluated Defendant over a period of almost five months, from October 2018 to February 2019, and Dr. Cochrane considered his own personal observations alongside Defendant's past performance with the FBI in reaching his conclusion for the Court. Judge Rateau considered the same information taken into account by Dr. Cochrane, in addition to Dr. Cochrane's testimony, and Judge Rateau heard and observed Defendant testify on June 10, 2019.

The Court likewise overrules Defendant's objection contesting the finding that Defendant is malingering. Dr. Cochrane acknowledged that secondary gain is necessary to support a diagnosis of malingering, but reasonably concluded that Defendant's malingering appeared motivated by a desire to avoid prosecution. Dr. Cochrane adequately explained how he eliminated other possible explanations to arrive at that conclusion. Judge Rateau also considered the inconsistency between Defendant's initial statement to the FBI that he robbed the bank to go to jail and Dr. Cochrane's conclusion that Defendant was malingering to avoid prosecution. The fact that Defendant has not consistently articulated his motivations does not necessarily undermine the conclusion that Defendant is malingering, motivated by a desire to avoid prosecution. Defendant's history supports such a conclusion, and a person's motivations may change over time and circumstances. For instance, a person in Defendant's position might plausibly change his mind about the desirability of returning to prison once he was in fact returned to custody.

Defendant's testimony, his three expert evaluations, his personal history, and his interview with the FBI, all support the conclusion that the Government has demonstrated by a preponderance of the evidence that Defendant is competent to stand trial.

//

//

//

# CONCLUSION

IT IS ORDERED that the Report and Recommendation (Doc. 70) is ADOPTED.

Dated this 2nd day of August, 2019.

_____
Honorable Jennifer G. Zipps
United States District Judge