JON M. SANDS
Federal Public Defender
**J. LEONARDO COSTALES**
Assistant Federal Public Defender
Louisiana State Bar# 35721
407 W. Congress, Suite 501
Tucson, AZ 85701-1355
Telephone: (520)879-7500
*Attorney for Defendant*
*Leo_Costales@fd.org*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **United States Of America,** | **CR18-0263-TUC-JGZ (JR)** |
| Plaintiff, | |
| v. | **RESPONSE TO GOVERNMENT'S MOTION TO PRECLUDE INSANITY DEFENSE** |
| **Robert Francis Krebs,** | |
| Defendant. | |

Robert Francis Krebs, through undersigned counsel, respectfully responds to the government's motion seeking to preclude him from presenting an insanity defense.

**a. Evidence necessary for an instruction**

*United States v. Keen*, 104 F.3d 1111, 1117 (9th Cir. 1996), cited in the government's motion, does correctly lay out the law with respect to the preclusion of an insanity defense, but is clearly distinguishable from the instant facts.

Counsel in *Keen* failed to state that their intent in presenting lay testimony was to prove that the defendant "was unable to appreciate the nature and quality or the wrongfulness of his acts." *See 18 U.S.C. §17(a)*. As such, their proposed presentation, a

bare restatement of the mental health symptoms without a causal link through evidence or argument, fell squarely into the second half of *18 U.S.C. §17(a),* which states, "Mental disease or defect does not otherwise constitute an offense." The issue of whether lay testimony is categorically insufficient to raise an insanity defense is actually still unsettled, as recognized within the *Keen* case itself. *Keen*, 104 F.3d at 1117 ("**Without reaching the question of whether lay opinion alone can ever support a finding of insanity,** we can safely state that the record ultimately supports the district court's decision here.") (emphasis added) (Appellate court excerpt from underlying District Court transcript). Unlike what the government alleged in its motion, the reasoning for the *Keen* Court's affirmation of the District Court's denial of a jury instruction came down to this legal insufficiency of the proffer, not the issue of whether lay testimony is *per se* insufficient.

If allowed, the Defense will present Mr. Krebs' testimony, which we anticipate will support our contention that Mr. Krebs was unable to appreciate the nature and quality and/or wrongfulness of his acts. No expert testimony is anticipated. The Ninth Circuit adopted the relevant quantum of evidence standard in *United States v. Whitehead*, 896 F.2d 432, 435 (9th Cir. 1990), borrowing from the 11th Circuit's standard interpreting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 253 (1986): "[W]here the issue of insanity has otherwise been properly raised, a federal criminal defendant is due a jury instruction on insanity when the evidence would allow a reasonable jury to find that insanity has been shown with convincing clarity. Recalling the jury's right to determine credibility, to weigh the evidence, and to draw justifiable inferences of fact, the trial judge must construe the evidence most

favorably to the defendant." Quoting from *United States v. Owens*, 854 F.2d 432, 435 (11th Cir. 1988).

In short, Mr. Krebs intends to testify as to his mental health issues and Alzheimer's, not excludable as hearsay under F.R.E. 803(3) and 803(4), with sufficient clarity as applied to the facts at issue so as to allow a reasonable jury to conclude that he was unable to appreciate the nature and quality and/or the wrongfulness of his act. It would be up to the jury to decide whether or not his testimony clearly convinced them that he was insane at the time of the offense.

For the Court to deny Mr. Krebs the jury instruction on the basis that he has not utilized an expert in presenting the defense would be to create a new rule not previously recognized in the Circuit, and a major legal issue on appeal.

The Court should deny the Government's motion to preclude, and grant the Defense a jury instruction on the issue of insanity. In the alternative, the Court should defer ruling on this issue until the close of defense's case.

**RESPECTFULLY SUBMITTED:** February 10, 2020.

JON M. SANDS
Federal Public Defender

*/s/ J. Leonardo Costales*
**J. LEONARDO COSTALES**
Assistant Federal Public Defender