THE CARRILLO LAW FIRM, PLLC
Erin M. Carrillo, AZ SB# 024613
23 North Stewart Avenue
Tucson, Arizona 85716
Phone: (520) 398-7369
Facsimile: (520) 844-6611
Email: erin@thecarrillolawfirm.com

*Attorney for Robert F. Krebs*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR 18-0263-TUC-JGZ (JR) |
| Plaintiff, | |
| vs. | OBJECTION TO PRESENTENCE INVESTIGATION REPORT (DRAFT) |
| Robert Francis Krebs, | |
| Defendant. | |

Robert Francis Krebs, through undersigned counsel, submits the following objection to the PSR for the Court's consideration.

**I.     Acceptance of Responsibility**

A defendant who asserts her right to trial is not necessarily precluded from receiving the benefits for acceptance of responsibility. USSG §3E1.1 comment (n. 2); *see United States v. McKinney*, 15 F.3d 849, 852 (9th Cir. 1994) (holding that a trial court errs when if it determines a defendant is not entitled to a reduction merely because he did not plead guilty and instead went to trial). In determining whether a defendant qualifies for a two-level downward adjustment for acceptance of responsibility the Court should consider, among other factors, whether the defendant "truthfully admitt[ed] the conduct comprising the offense(s) of conviction, and truthfully admitt[ed] or not falsely den[ied] any additional relevant conduct for which the defendant is accountable under §1B1.3 (Relevant Conduct). Note that a defendant is not required to volunteer, or affirmatively admit, relevant conduct beyond the offense of conviction in order to obtain a reduction under subsection (a). A defendant may remain silent in respect to relevant conduct beyond the offense of conviction

1

without affecting his ability to obtain a reduction under this subsection." USSG §3E1.1 comment (n.1(A)).

Where an individual asserts her right to trial, a determination of whether he accepted responsibility will be based on his or her statements and conduct.

> This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse. Conviction by trial, however, does not automatically preclude a defendant from consideration for such a reduction. In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (e.g., to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct). In each such instance, however, **a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct.**
> (emphasis added)

USSG §3E1.1 comment (n. 2).

An analysis of whether or not a defendant accepted responsibility for an offense, and should receive a 2-level downward adjustment, must occur in every case even if a defendant goes to trial. *See United States v. Cortes,* 299 F.3d 1030 (9th Cir. 2002) (A Court must consider whether a defendant accepted responsibility even when the defendant exercised their right to trial.). This analysis did not occur here. (Doc. 178, ¶18.) Instead, the PSR states notes "the defendant was found guilty pursuant to a jury trial, and therefore an acceptance of responsibility statement was not obtained." (Doc. 178, ¶18.). This analysis appears to operate under the incorrect assumption that a defendant who proceeds to trial cannot be eligible for a downward adjustment for acceptance of responsibility. This is incorrect, and if the analysis were adopted by the Court, would constitute error.

Mr. Krebs is asking this Court to consider his post-arrest and pretrial statements to law enforcement in their investigation of this offense. As the government introduced at trial, and as is noted in the PSR, Mr. Krebs gave a detailed and full confession to the FBI

after his arrest. (Doc. 178, ¶12.) He did not testify at trial, and the government successfully introduced the full confession into evidence against Mr. Krebs during their case in chief. His pretrial conduct and statements indicate he accepted responsibility for the offense well before he was ever indicted for the offense in question, and well before trial.

If the Court affirms this objection, the offense level will be reduced by two.

## II. Specific Offense Characteristics

*A BB Gun Is a Dangerous Weapon not a Firearm.*

Mr. Krebs objects to the five-level enhancement applied at paragraph 22 of the PSR, for brandishing a firearm during the commission of this offense as no firearm was brandished. (See Doc. 178, ¶22.) A firearm is defined as "(i) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive . . . A weapon commonly known as a "BB" or pellet gun, that uses air or carbon dioxide pressure to expel a projectile is a dangerous weapon but not a firearm." USSG §1B1.1, comment (n.1(H)).

Instead, a three-level enhancement should apply in this instance as a BB gun is a dangerous weapon. USSG §1B1.1, comment (n.1(E)).

*The Florida Conviction Does Not Meet the Definition of Crime of Violence.*

Mr. Krebs hereby objects to the career offender enhancement as applied in paragraph 27 of the PSR because the Florida robbery conviction does not meet the definition of a crime of violence pursuant to USSG §4B1.2. In this case, a career offender enhancement applies if three prongs are met: (1) defendant is over eighteen years old, (2) the offense of conviction is a crime of violence, and (3) the defendant has at least two prior felony convictions which meet the definition of "crime of violence". USSG §4B1.1(a). A crime of violence means "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) . . . robbery . . ." USSG §4B1.2(a).

3

In July 1981, Mr. Krebs was arrested and charged in Florida's state court for offenses including burglary, robbery, kidnapping and carrying a concealed firearm. He was subsequently convicted of burglary, robbery, false imprisonment, and carrying a concealed firearm.

Robbery, under the generic definition, is the taking of personal property by means of force or threat of injury against the person of another. The 1981 Florida robbery statute defines robbery as "the taking of money or other property which may be the subject of larceny from the person *or custody of another* by force, violence, assault, or putting in fear." (Emphasis added). *Arthur v. State*, 391 So. 2d 338, 338 (Fla. Dist. Ct. App. 1980). To determine whether a prior conviction is for a generic robbery courts apply the categorical approach: They focus solely on whether the elements of the crime of conviction sufficiently match the elements of generic burglary, while ignoring the particular facts of the case. *Mathis v. U.S.* 136 S.Ct. 2243, 2248 (2016). Here, the Florida definition of robbery includes conduct broader than the generic definition of robbery and therefore the Florida conviction is not a predicate felony conviction usable to apply the chapter four enhancement (See Doc. 178, ¶27).

If this court does not apply the career offender enhancement, the adjusted offense level would be 27 instead of 34.

### III. Conclusion

Without the career offender enhancement and applying a three level enhancement for the brandishing of a bb gun, instead of a five level enhancement for brandishing of a firearm, the adjusted offense level subtotal is 25. If the court grants all of Mr. Krebs' objections laid out herein, his total offense level is 23. Additionally, eliminating the application of the career offender enhancement reduces Mr. Krebs' criminal history category from VI to IV. Accordingly, Mr. Krebs hereby submits that his sentencing guideline range for an offense level of 23 and criminal history category IV is 70-87 months.

RESPECTFULLY SUBMITTED this 14th day of May 2021.

THE CARRILLO LAW FIRM, PLLC

/s/ Erin M. Carrillo
Erin M. Carrillo
*Attorney for Robert Francis Krebs*

Copy of the foregoing served
by Electronic Case Filing to:

ALL REGISTERED ECF CASE PARTICIPANTS