GLENN B. McCORMICK
Acting United States Attorney
District of Arizona
RAQUEL ARELLANO
Assistant U.S. Attorney
AZ State Bar No. 011796
CHRISTINE A. MELTON
Assistant U.S. Attorney
AZ State Bar No. 021649
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: raquel.arellano@usdoj.gov
Email: christine.melton@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>  Plaintiff,<br><br>  vs.<br><br>Robert Francis Krebs,<br><br>  Defendant. | CR 18-00263-TUC-JGZ (JR)<br><br>GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTION TO THE PRESENTENCE REPORT |

Now comes the United States of America, by and through its undersigned attorneys, and hereby submits its response to the Defendant's Objection to the Presentence Report. (Doc. 198.) The draft Presentence Investigation Report (PSR) was prepared on February 5, 2021 (Doc. 178).

Defendant objects to the denial of a reduction for Acceptance of Responsibility and to certain enhancements applied under the Specific Offense Characteristics of the PSR. The government hereby responds to the objections raised as follows:

**I.    Denial of Acceptance of Responsibility was Proper.**

Defendant contends that he is entitled to a reduction in his offense level under U.S.S.G. § 3E1.1 which allows for a reduction in sentence if "defendant clearly

demonstrates acceptance of responsibility for his offense…" "The plain language of U.S.S.G. § 3E1.1 places the burden on [a defendant] to show he is deserving of the reduction . . . [and a defendant] must 'manifest a genuine acceptance for his actions.'" *United States v. Cortes,* 299 F.3d 1030, 1038 (9th Cir. 2002) (*citing United States v. McKinney*, 15 F.3d 849, 852 (9th Cir. 1994)). If contrition is sincere, then a defendant is entitled to a reduction. *Id.*

Defendant relies on *United States v. McKinney*, 15 F.3d 849 (9th Cir. 1994), in support of his argument that he is entitled to this reduction even though a trial was held. The defendant in *McKinney* presented the "unusual case" where a reduction in offense level was proper even though the defendant had pled not guilty. *Id.* at 852. *McKinney* is distinguishable from the facts in the instant case. In *McKinney*, the defendant accepted responsibility from the beginning in that he assisted the police in finding a gun used in the crime, gave a full and honest statement as to his participation, expressed contrition for his acts, and **even attempted to plead guilty several times immediately prior to and during his trial**. *Id.* at 852 (Emphasis added). The Ninth Circuit Court found that based on his cooperation and remorse, *McKinney* had accepted full responsibility for his actions, even though he exercised his right to a jury trial on the charges. It should be noted that the court expressed that *McKinney* was "one of the unusual cases in which a defendant is entitled to an acceptance of responsibility reduction despite having pleaded not guilty." *Id.* The court focused on the defendant's personal genuine contrition, rather than his exercise of his constitutional rights, which included his confession, assistance to authorities, and attempts to plead guilty. *Id.*

In *Gibson v. Dia*, 69 F.3d 291 (9th Cir. 1995), the Ninth Circuit Court affirmed a denial of acceptance of responsibility although the defendant admitted his guilt post-trial. In rejecting the defendant's argument, the court distinguished the *McKinney* case relied upon by the defendant:

> Dia reads our decision in that case far too broadly. The defendant in *McKinney* presented the "unusual case" where a reduction in offense level was proper even

though the defendant had pled not guilty. *Id.* at 852. There, defendant accepted responsibility from the beginning-assisting the police in finding a gun used in the crime, giving a full and honest statement as to his participation, and attempting to plead guilty several times immediately prior to and during his trial. Based on his overwhelming cooperation and remorse, we found that he had accepted full responsibility for his actions, even though he exercised his right to a jury trial on the charges. We emphasized, however, the rarity of such an occurrence.

*Id.* at 293.

The court noted that the guidelines commentary regarding acceptance of responsibility were more broad when *McKinney* was decided:

> Not only is *McKinney* factually distinguishable from Dia's case, but there has also been a change in the sentencing guideline commentary since the time of the guidelines reviewed in *McKinney*. While we decided *McKinney* in 1994, we reviewed the 1991 guidelines. *Id.* at 852. In support of our decision, we relied upon the broad comment stating "[a] defendant may be given consideration under this section without regard to whether his conviction is based upon a guilty plea or a finding of guilty by the court or jury or the practical certainty of conviction at trial." *Id.* However, in 1992, the commission deleted this comment. The contemporaneous comment to § 3E1.1 supports our limited application of the section in situations where defendants demand a trial, and reads as follows:
>> [t]his adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilty, is convicted, and only then admits guilt and expresses remorse. Conviction by trial, however, does not automatically preclude a defendant from consideration for such a reduction. In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (e.g. to make a constitutional challenge to a statute....) In each such instance, however, a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct. U.S.S.G. Section 3E1.1, comment 2.

The court in *Dia* added:

> As we explained in *United States v. Vance*, 62 F.3d 1152, 1160 (9th Cir. 1995), the guidelines for acceptance of responsibility "came about as close as they could, without penalizing the exercise of constitutional rights, to codifying the percentage" of sentence reduction for pretrial pleas of guilty, in order to reduce sentencing disparity. Unlike the defendant in *McKinney*, Dia made no attempt to plead guilty until long after he had been proved guilty, and there was no evidence that Dia accepted responsibility before responsibility was forced on him by trial and conviction. We find no error in the district court's refusal to reduce Dia's offense level on the basis of "accepted responsibility."

*Id.*

In the instant case –unlike the defendant in *McKinney* who accepted responsibility, showed genuine contrition, and attempted to plead guilty before and during his trial—the defendant has not accepted full responsibility for his actions and, in fact, has not provided a statement showing contrition or accepting responsibility to the PSR writer concerning his acts in the offense. Even if the defendant waived an interview with the U.S. Probation Officer due to difficulty in hearing, the defendant nonetheless could have provided a written statement to the probation officer and to the Court expressing remorse and truthfully admitting the acts comprising the offense of conviction. Absent his initial post-arrest admissions to law enforcement, the defendant has not met his burden of showing he is entitled to a reduction. Defendant has done nothing more to demonstrate to the Court why a reduction for acceptance of responsibility should be granted, other than relying on his post-arrest admissions in which he told arresting officers that he wanted to get caught and return to prison life. These statements are not indicative of remorse or contrition for his criminal acts.

*McKinney* is factually distinguishable from the instant case and the defendant in that case did more to merit a reduction than the defendant has done. Moreover, as the court in *Dia* noted, a different and more broad sentencing guideline commentary concerning acceptance of responsibility existed at the time of the *McKinney* decision. In *McKinney*, the court relied upon the then-existing broad sentencing guideline comment stating "[a] defendant may be given consideration under this section without regard to whether his conviction is based upon a guilty plea or a finding of guilty by the court or jury or the practical certainty of conviction at trial." *Id*. (Emphasis added.) Now, the contemporaneous comment to Section 3E1.1 supports a limited application of the section in situations where defendants demand a trial, and reads as follows:

> This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse. Conviction by trial, however, does not automatically preclude a defendant from consideration for such

a reduction. In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (e.g., to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct). In each such instance, however, a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct.

U.S.S.G. Section 3E1.1, comment (n. 2).

Notwithstanding that the defendant made admissions post-arrest, he has made no attempt at showing contribution and accepting responsibility even after responsibility was forced on him by trial and conviction. There is no indication that the defendant went to trial to assert and preserve issues that do not relate to factual guilt. The PSR writer properly denied any reduction in offense level for acceptance of responsibility. This Court should deny the defendant's objection to the PSR and not reduce the defendant's offense level on the basis of "acceptance of responsibility" when the defendant has not shown any such acceptance of responsibility or remorse.

## II. Specific Offense Characteristics Enhancements.

In Paragraphs 22 and 27 of the PSR, Part A, The Offense, Specific Offense Characteristics and Chapter Four Enhancement, the PSR writer assessed enhancements for the BB weapon that was brandished and for application of the Career Offender Provision under U.S.S.G. § 4B1.1(b)(2). Defendant argues that the enhancements should not apply.

### a. Government Concurs that a Three-Level Enhancement for Brandishing a BB Gun is Applicable.

Defendant objects to the five-level enhancement applied at Paragraph 22 of the PSR, for brandishing a firearm during the commission of this offense. Defendant contends that a firearm is defined as "(i) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive . . . A weapon commonly known as a "BB" or pellet gun, that uses air or carbon dioxide pressure to expel a projectile is a dangerous weapon but not a firearm." U.S.S.G. § 1B1.1, comment (n.1(H)).

- 5 -

Defendant concedes that a three-level enhancement should apply in this instance, since a BB was used. As such, the government respectfully submits that the uncertainty of whether a guideline calculation applies should fall in the defendant's favor. Consequently, the government concedes that a three-level enhancement should apply.

### b. Career Offender Enhancement was Appropriately Applied.

Defendant objects to the Chapter Four Career Offender enhancement as applied in Paragraph 27 of the PSR asserting that the defendant's 1982 Seminole County Circuit Court, Sanford, Florida Robbery conviction does not meet the definition of a crime of violence pursuant to U.S.S.G. § 4B1.2. In Paragraph 27, the PSR writer applied the Career Offender provision under Chapter Four of the U.S.S.G., thereby enhancing the total offense level to 34 as follows:

> **Chapter Four Enhancement:** The defendant was at least 18 years old at the time of the instant offense of conviction; the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense; therefore, the defendant is a career offender. The offense level for a career offender is 34 because the statutory maximum term of imprisonment is 25 years or more. U.S.S.G. § 4B1.1(b)(2).

Under the provisions of U.S.S.G. § 4B1.2, a Career Offender enhancement applies if three prongs are met:

1) The defendant is over eighteen years old;
2) The offense of conviction is a crime of violence, and
3) The defendant has at least two prior felony convictions which meet the definition of "crime of violence" under U.S.S.G. §4B1.1(a).

Under U.S.S.G. § 4B1.2, certain terms used under U.S.S.G. §4B1.1, including "crime of violence," are defined as follows:

§ 4B1.2.   Definitions of Terms Used in Section 4B1.1

(a)   The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

Under the law of this Circuit, a sentencing court may not look to the underlying facts or circumstance of the prior offense in determining that the prior offense is an act of violence within the meaning of the career offender provisions of the Guidelines. *See United States v. Lonczak,* 993 F.2d 180, 181-83 (9th Cir. 1993); *United States v. Sahakian,* 965 F.2d 740, 742 (9th Cir. 1992); *United States v. Sherbondy,* 865 F.2d 996, 1005-1009 (9th Cir. 1988). Under § 4B1.2(1), courts must look to the offense of *conviction*. The conviction must "set forth (i.e. expressly charged)" conduct which "by its nature presents a serious potential risk of physical injury." U.S.S.G. § 4B1.2, comment (n. 2).

Paragraph 36 of the PSR notes that the prior Kidnapping charge was later changed to False Imprisonment. Although it is not noted in the PSR yet, a revised PSR will reflect that the PSR writer also discovered (after the draft PSR was filed) that the Robbery conviction was later changed to "Robbery with a Firearm". The Florida state statute for Robbery with a Firearm is 812.13(a) and 812.13(2)(a) and provides:

> (2)(a) If in the course of committing the robbery the offender carried a firearm or other deadly weapon, then the robbery is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment or as provided in s. 775.082, s. 775.083, or s. 775.084 . . .

In his argument against the enhancement, the defendant asserts that Robbery, under the generic definition, is the taking of personal property by means of force or threat of injury against the person of another. The 1981 Florida Robbery statute defines Robbery as "the taking of money or other property which may be the subject of larceny from the person or custody of another by force, violence, assault, or putting in fear." *Arthur v. State*, 391 So. 2d 338, 338 (Fla. Dist. Ct. App. 1980). Even assuming the conviction was merely for

Robbery, caselaw supports the contention that a Florida Robbery conviction qualifies as a predicate offense for application of the Chapter Four career offender provision. Caselaw analyzes the enhancement under the Armed Career Criminal Act (ACCA) which also has the identical elements clause as the Career Offender provision. Under the ACCA, a defendant convicted of violating 18 U.S.C. § 922(g) is subject to a mandatory minimum sentence of 15 years if he has three prior convictions for a "violent felony" or "serious drug offense." 18 U.S.C. § 924(e)(1). A "violent felony" requires a conviction that "has as an element the use, attempted use, or threatened use of physical force against the person of another." As noted above, a "crime of violence" under the Career Offender provision requires the identical: "has as an element the use, attempted use, or threatened use of physical force against the person of another."

In *Stokeling v. United States*, 139 S.Ct. 544, 555 (2019), the Supreme Court held that Robbery under Florida law –defined as the taking of property with the use of force to overcome the resistance by the victim—qualifies as an ACCA violent felony. *Id*. at 549, 555. The Court found that Florida robbery qualifies as a "violent felony" under the elements clause of the ACCA. It found that the terms "physical force," or "force capable of causing physical pain or injury," encompasses the amount of force necessary to overcome a victim's resistance and therefore Robbery under Florida law corresponds to that level of force thereby qualifying as a "violent felony".

The Court noted that the Florida Supreme Court has made clear that the robbery statute requires "resistance by the victim that is overcome by the physical force of the offender." *Id*. at 554-555 (*citing Robinson v. State,* 692 So.2nd 883, 886 (1997)). In *Robinson*, the Eleventh Circuit Court held that the defendant's prior Florida state court conviction of armed robbery categorically qualified as a prior conviction for "violent felony" under the "elements" clause of the Armed Career Criminal Act (ACCA). Under the ACCA, the following "elements" clause is required: "has an element the use, attempted use, or threatened use of physical force against the person of another." The court in *Robinson* held that the defendant's Florida armed robbery conviction categorically

qualified as a "violent felony" under the ACCA's elements clause. The court reiterated that based on its prior holdings in *United States v. Dowd*, 451 F.3d 1244, 1255 (11th Cir. 2006) and *United States v. Lockley*, 632 F.3d 1238, 1245 (11th Cir. 2011), a Florida robbery conviction even without a firearm, qualifies as a "crime of violence" under the elements clause in the career offender guideline in U.S.S.G. § 4B1.2(a), which has the same elements as the ACCA.

In a post-*Stokeling* decision, the Ninth Circuit Court in *Ward v. United States*, 936 F.3d 914, 918 (9th Cir. 2019), held that a Minnesota simple robbery conviction qualifies as a violent felony under the ACCA's force clause. It held:

> This case, therefore, presents a straightforward application of *Stokeling*. Minnesota simple robbery is defined as the use or threatened use of force "to overcome the person's resistance or powers of resistance…" Minn. Stat. Ann. §609.24 (1986). The Minnesota Supreme Court has unequivocally stated that "[a]lthough a simple purse snatching usually constitutes theft, pushing or grabbing a person during that theft may constitute simple robbery." *State v. Slaughter*, 691 N.W.2d 70, 76 (Minn. 2005)(*citing State v. Nash*, 339 N.W.2d 554, 557 (Minn. 1983)). Thus, Minnesota's statute is similar to the Florida robbery at issue in *Stokeling*, which is also defined as the taking of property with the use of force to overcome the victim's resistance. *See* 139 S.Ct. at 549, 555; *see also Taylor v. United States*, 926 F.3d 939, 941-42 (8th Cir. 2019) (reaffirming that Minnesota simple robbery is an ACCA violent felony and noting that "Minnesota's simple robbery statute is virtually indistinguishable from the Florida statute at issue in *Stokeling*" because '[i]n both States, a mere 'snatching' of property, without more, is not the level of force required.').

It should be noted that in a pre-*Stokeling* decision, *United States v. Geozos,* 870 F.3d 890, 902 (9th Cir. 2017), the Ninth Circuit Court held that applying the familiar categorical approach, neither robbery, armed robbery, or use of a firearm in the commission of a felony under Florida law is categorically a "violent felony." In *Ward, supra*, the court overruled its decision in *Geozos,* in light of the Supreme Court's decision in *Stokeling.*

Defendant's reliance on the caselaw cited in his motion is misapplied and pre-date the opinions in *Stokeling* and *Ward*. The PSR writer's application of the defendant's prior Florida conviction as a predicate "crime of violence" is appropriate. This Court should

deny the defendant's objection and consider the base offense level at 34.

### III. Conclusion.

For the foregoing reasons, the United States concurs with the PSR writer's denial of Acceptance of Responsibility and its enhancement under the Chapter Four Career Offender provision. The United States concurs with the defendant's objection that a three-level enhancement for use of a BB gun applies. The final Total Offense Level should remain at 34. The United States respectfully requests the Court overrule the defendant's objection to the PSR's denial of acceptance of responsibility and application of the Chapter Four Career Offender provision.

Respectfully submitted this 3rd day of June, 2021.

GLENN B. McCORMICK
Acting United States Attorney
District of Arizona

*s/Raquel Arellano*

RAQUEL ARELLANO
Assistant U.S. Attorney

*s/Christine Melton*

CHRISTINE A. MELTON
Assistant U.S. Attorney

Copy of the foregoing served this 3rd day of June, 2021 to:

Erin M. Carrillo, Esq.,
Attorney for the defendant

Monica Lopez
U.S. Probation Officer